THOMAS PITTS, APPELLANT, vs. AUGUSTUS W. JONES, APPELLEE.

1. Although the drawer has no funds in the hands of the drawee, yet if he has a right to expect to have funds in the hands of the drawee to meet the bill, or if he has a right to expect the bill to be accepted by the drawee in consequence of an agreement or arrangement with him, or if upon taking up the bill he would be entitled to sue the drawee or any other party to the bill, then in every such case he is entitled to strict notice of the dishonor.

2. An agent is entitled to notice of the dishonor of his bill on his principal, though he had no funds in the principal's hands, and the payee had no knowledge that he was acting as agent.

3. The payee of every draft or bill takes it upon the implied condition that he is not to hold the drawer liable without giving him notice of the draft or bill he dishonored, and if such notice be not given, it is at the peril of the payee.

Appeal from Santa Rosa Circuit Court.

A statement of the case is contained in the opinion of the Court.

*G. G. Mc Whorter* for appellant.

*Landrum & Jones* for appellee.

WALKER, J., delivered the opinion of the Court.

This was an action of assumpsit to recover the amount of a bill of exchange of which the following is a copy :

" Messrs. E. A. Pearce & Son: Pay at sight to A. W. Jones or order, one hundred and sixty-eight 32-100 dollars, value received Dec. 19, 1857.

THOMAS J. PITTS."

The declaration contains a count on this bill in the usual form, alleging presentment for acceptance, refusal to accept and notice. Also a second count for goods, wares, merchandize, &c.

The pleas are :

1st. That E. A. Pearce & Son did accept said bill when presented.

2d. That said bill was never presented for acceptance.

3d. That on the refusal of E. A. Pearce to accept, plaintiff did not give notice thereof to defendant.

4th. That said bill was never presented for payment.

5th. That plaintiff gave no notice to defendant of non-payment.

6th. That defendant purchased the goods, &c., mentioned in the 2d count as agent of E. A. Pearce & Son, of which plaintiff had notice, &c.

The bill of exceptions shows that there was no purchase of any goods, wares and merchandize, except certain saw logs for which the bill of exchange declared on was given, and that said purchase was made by defendant as agent of E. A. Pearce & Son, the drawees; that he was authorized to draw upon them and they refused to accept on the allegation that the payee of the draft was indebted to them.

Such being the pleadings and evidence, counsel for defendant moved the Court to instruct the jury:

" 1st. That if they found from the evidence that said bill was given as the purchase price for pine saw logs, and that said Pitts was acting as agent for E. A. Pearce & Son in said purchase, and drew said bill on E. A. Pearce & Son, and they refused to accept said bill on presentation to them; that said Pitts was entitled to notice of the non-acceptance by said Pearce & Son of said bill.

" 2d. That if the jury found from the evidence that said bill was drawn and given by said Pitts to said Jones as the purchase price for pine saw logs, and that said Pitts was acting as agent for E. A. Pearce & Son in said purchase and drew said bill as their agent, and said Pearce & Son refused to pay said bill on presentation to them for payment, that said Pitts was entitled to notice of the non-payment of said bill by E. A. Pearce & Son."

The Court refused to give either of these charges, and defendant excepted. Verdict and judgment having been rendered against defendant he appealed to this Court, and now assigns that the Circuit Judge erred in refusing the instructions as prayed for.

It is contended by counsel for appellant that the fact that the drawer had no funds in the hands of the drawees, (which fact is conclusively shown in the bill of exceptions,) at the time of drawing, is sufficient excuse for want of notice. On the other hand it is contended that the fact that appellant

acted as agent of drawees, and was authorized to draw upon them, entitled him to notice, even though payee had no knowledge of the agency.

Let us examine the authorities and see which of these positions is correct.

Mr. Greenleaf, in the second volume of his work on Evidence, 195, says:

"If no notice of dishonor has been given, or no presentment or protest has been made, the plaintiff may excuse his neglect by proof of facts showing that presentment or notice was not necessary. Thus, when the defendant was drawer of the bill, the want of presentment was excused by proving that he had no effects in the hands of the drawee, *and no reasonable expectation to expect that the bill would be honored from the time it was drawn till it became due.*"

Mr. Justice Story, in his work on Bills, 311, lays down the rule thus:

"In the next place, if the drawer has *no right whatsoever* to draw the bill, or no reasonable ground to expect the bill to be accepted, he is not deemed entitled to notice of the dishonor thereof, for it was his own fault to draw the same; and correctly speaking, he cannot be said to have suffered any loss by the want of notice. Thus, for example, ordinarily if the drawer draws the bill without having funds in the hands of the drawee, or *expectation* of funds, or arrangement or agreement on the part of the drawee to accept the bill, he will not be entitled to notice, and not be discharged by the want thereof. But although the drawer has no funds in the hands of the drawee, yet if he has a right to expect to have funds in the hands of the drawee to meet the bill, or if he has a right to expect the bill to be accepted by the drawee in consequence of an agreement or arrangement with him, or if upon taking up the bill he would be entitled to sue the drawee or any other party on the bill, as if he be an accom-

modation drawer for the drawee or payee, or any subsequent endorser, then, in every such case he is entitled to strict notice of the dishonor. The distinction between the cases may seem at first view to be somewhat artificial and not altogether satisfactory. But it is founded on this consideration, that in the latter case the drawer draws the bill in *good faith* and has *reasonable grounds* to believe that it will be honored, and therefore he may well insist upon a punctual discharge of duty on the part of the holder, whereas in the former cases it is his own fraud or folly to draw a bill which he has no reasonable ground to expect to be honored, and therefore he may well impute the injury, if any, to himself, to his own laches and to his having misled the holder."

Mr. Chitty in his treatise on Bills (8th edition, 356), says :

"But if the drawer of a bill, *from the time of making it to the time when it was due and presented for acceptance*, had no effects in the hands of the drawer or acceptor, and had *no right on any other ground* to expect that the bill would be accepted, and the bill was drawn for the accommodation of such drawer, he is *prima facie* not entitled to notice of the dishonor ;" and again at page 359 : " Nor is actual value in the hands of the drawee at the time of drawing essentially necessary to entitle the drawer to notice of dishonor of the bill, for circumstances may exist which would give a drawer good ground to consider he had a right to draw a bill upon his correspondent."

In the case of Bickerdike vs. Bollman, 1 T. R., 405, it was held that notice was not necessary where the drawer has no effects in the hands of the drawee, Ashurst, Justice, remarking, "for it is a fraud in itself, and if that can be proved the notice may be dispensed with ;" and Buller, Justice, remarking that " the law requires notice to be given for this reason, because it is presumed that the bill is drawn on account of drawees having effects of the drawer in his

hands, and if the latter has notice that the bill is not accepted or not paid, he may withdraw them immediately, but if he has no effects in the other's hands, then he cannot be injured for want of notice." Chief J. Marshall in French's Executrix vs. the Bank of Columbia, 4 Cranch, 141, says that the true construction of the case of Bickerdike vs. Bollman, and those cases which followed it, is, " that a person having a *right to draw* in consequence of engagements between himself and the drawee, or in consequence of consignments made to the drawee, *or from any other cause*, ought to be considered as drawing upon funds in the hands of the drawee, and therefore not coming within the exception to the rule." Mr. Smith in his Leading Cases, vol. 2, 44, reviewing the case of Bickerdike vs. Bollman, cites a great number of authorities, and arrives at the conclusion that " the amount, therefore, of the principle of Bickerdike vs. Bollman, as defined by the American authorities, is, that demand and notice is not necessary where the drawing and delivering the bill is fraudulent." He further says, " The whole principle of exception, then, appears to be, that where the non-acceptance or non-payment of the bill is caused by the fraudulent act of the drawer or endorser, or, in other words, where the drawing or issuing of the bill, or the leaving it to be presented, is a fraud in any party, liable on the bill, such fraudulent party is not entitled to notice; and it is believed that there are no other exceptions to the general rule requiring demand and notice."

The cases cited upon this point by Greenleaf, Chitty, Story and Smith, are very numerous. It would consume much time and space unnecessarily to notice each of them separately. Upon the whole, we are satisfied we may safely adopt the rule as before quoted from Judge Story in his work on Bills, 311, as the true rule on this subject. That ruling is, that " although the drawer has no funds in the

hands of the drawee, yet, if he has a right to expect to have funds in the hands of the drawee to meet the bill, or if *he has a right to expect* the bill to be accepted by the drawee *in consequence of any agreement* or arrangement with him, or if *upon taking up the bill he would be entitled to sue the drawee* or any other party on the bill," "then, in every such case he is entitled to strict notice of the dishonor."

Having adopted this as the correct ruling, we shall have little difficulty in applying it to the case before us. If we ask the question whether the drawer in this case did not have a right to expect the bill to be accepted and paid by the drawee in consequence of an arrangement or agreement with him, or if upon taking up the bill he would have been entitled to sue the drawee, we can have no hesitancy in answering affirmatively. The evidence shows he purchased the saw logs for which the draft was given only as the agent of E. A. Pearce & Son, and had in his own right no interest in the matter. His agency alone would have authorized him to draw upon E. A. Pearce & Son to pay for the logs purchased for them, and in addition to that, there is express evidence that he was authorized to draw upon them. If notice had been given him of the non-acceptance and he compelled to pay the draft, he, of course, would have had a right of action against Pearce & Son for the amount.

It is, indeed, difficult to conceive of any class of persons more strictly entitled to notice than those acting as agents. It is true they may have no funds in the hands of the drawees, their principals, but nevertheless they may suffer quite as much damage from want of notice as if they had.

Where an agent is engaged in purchasing saw logs, cotton, or other produce for his principals, and draws for it, he may be, and doubtless in many cases would be, utterly ruined but for his right to notice of the dishonor of his bill.

27

Upon receiving notice of such dishonor, he will, of course, cease to purchase; but if he is entitled to no such notice and receives none, he will continue to purchase, perhaps to a very large amount, remitting the produce to his principals and drawing upon them therefor, and find out only when too late that his principals have long since failed, and he bound to pay a large number of drafts for which he never received any consideration. And besides, it is the right of the agent to have notice so that he may at once call upon the principal and procure indemnity against the liability fixed upon him by the notice.

Nor is it essential to the right of the agent to notice that the payee of his bill shall have knowledge of his agency. The payee of every draft or bill takes it upon the implied condition that he is not to hold the drawer liable without giving him notice, and if the notice be not given, it is at the peril of the payee.

We are clear that the learned Judge of the Circuit Court erred in refusing the instructions asked for.

Let the judgment be reversed with costs. *Per curiam.*